Ethan F. Abramowitz CA# 295061
MARK F. SELTZER & ASSOCIATES, P.C.
1515 Market Street
Suite 1100
Philadelphia, PA 19102
(215) 735-4222
Fax (215) 735-4225
Email: eabramowitz@seltzerlegal.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER STEVER, D.O.<br>936 Rosecrans Avenue<br>Manhattan Beach, CA 90266,<br><br>Plaintiff<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>One Hartford Plaza<br>Hartford, CT 06155,<br><br>Defendant | **COMPLAINT**<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Jennifer Stever, D.O., through her attorney, Ethan F. Abramowitz, states the following for her Complaint for Individual Disability Insurance Benefits:

### I. Jurisdictional Statement:

1. The claim of Jennifer Stever, D.O. (hereinafter "Dr. Stever" and/or "Plaintiff") relates to a Policy of Individual Disability Insurance (hereinafter ("IDI"), which is not preempted by the Employee Retirement Income

1

Security Act of 1974, as Amended (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332(c)(1) & (2) in that there is diversity of citizenship amongst the Parties and the amount in controversy exceeds $75,000.00.

2. The matter in controversy exceeds the arbitration limit of $150,000.00.

3. At all times relevant hereto, Hartford Life and Accident Insurance Company (hereinafter "Hartford" and/or "Defendant"), was doing business throughout the United States and within the Central District of California. Venue is proper under 28 U.S.C. § 1391(b) because such action may be brought in the judicial district where the Defendant resides.

## II. Nature of Action:

4. This is a claim seeking an award to Plaintiff of IDI benefits pursuant to a policy of insurance underwritten and administered by the Defendant and issued to the American College of Emergency Physicians, Policy No. AGP-5683 (hereinafter "The Policy"). **Attached as Plaintiff's Exhibit 1.**

## III. The Parties:

5. Dr. Stever, D.O.B. July 13, 1979, is an adult individual who is a citizen of the State of California, residing in the County of Los Angeles at 936 Rosecrans Avenue, Manhattan Beach, CA 90266.

6. Dr. Stever is Board Certified by the American Board of Emergency Medicine in the area of Emergency Medicine. At all times relevant, Dr. Stever was employed as an Emergency Medicine Physician.

7. The Defendant, is, upon information and belief, organized and incorporated under the laws of the State of Delaware. Hartford is an insurance and financial services company providing property and casualty insurance and investment products to both individual and business customers through its Property & Casualty, Group Benefits and Mutual Fund businesses in all states, and statutorily required disability insurance plans in certain states.

### IV. The Policy:

8. On or about October 1, 2007, The Hartford issued Disability insurance coverage to The American College of Emergency Physicians, Policy No.: AGP-5683. That Policy provided disability benefits to a maximum of $10,000.00 per month. The Policy contains a 90 day Elimination Period and a maximum benefit period to age 65, if the disability occurred prior to age 63. **Attached as Plaintiff's Exhibit 1.**

9. According to The Policy, "Disabled" means "You are prevented from performing one or more of the Essential Duties of :

   1) Your Occupation during the Elimination Period; and

        2) Your occupation following the Elimination Period, and as a result Your current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings.

10. According to The Policy, "Your Occupation" means "the general or sub-specialty in which You are practicing for which there is a sub-specialty recognized by the American Board of Medical Specialties."

11. The Policy contains a provision, which limits benefits to a 24 month lifetime maximum benefit period for disabilities that result from:

        1) Mental Illness that results from any cause;

        2) Any condition that may result from Mental Illness;

        3) Alcoholism; or

        4) The non medical use of narcotics, sedatives, stimulants, hallucinogens, or any other such substance.

12. The State of California has imposed an additional definition of "Total Disability" in "Own Occupation" disability insurance policies which requires the award of benefits if the insured is "unable to perform the substantial and material duties of his own occupation in the usual and customary way with reasonable continuity."

## V. FAILURE TO PAY BENEFITS DUE UNDER DR. STEVER'S INDIVIDUAL DISABILITY POLICY
### The Disability Claim – Extensive Medical History

13. Dr. Stever has a long and well documented history of Ambien dependence.

14. After the birth of her first child on May 29, 2009, Dr. Stever increased her use of Ambien from 10mg to 20mg per day.

15. After the birth of her second child on December 23, 2010, Dr. Stever's use of Ambien again increased and her condition was complicated by post-partum depression.

16. As a result of her depression and Ambien dependence, Dr. Stever began showing up late for work as an Emergency Medicine Physician at Emergent Medical Associates in Manhattan Beach, CA.

17. On February 11, 2011, Dr. Stever underwent a neurological consultation with George Rederich, M.D. due to symptoms of sleep disturbance and seizure followed by a generalized convulsion.

18. In February 2011, Dr. Stever suffered a seizure while at work.

19. In June 2011, Dr. Stever was asked to resign from her position as an Emergency Medicine Physician at Emergent Medical Associates due to an episode of slurred speech, which was noticed on a dictation, habitual tardiness, evidence that she was impaired and self-prescribing Ambien, and

the February 2011 seizure, which were all directly related to either her depression and/or Ambien dependence.

20. In July 2011, Dr. Stever attempted to work as an Emergency Medicine Physician at the Providence Little Company of Mary-Torrance, CA.

21. In August 2011, Dr. Stever also took a position working at Urgent Care of South Bay in Torrance, CA, providing care for non-life threatening conditions, such as suture removal, treating sprains and strains and minor fractures, etc…

22. Due to the severity of her depression and Ambien dependence, Dr. Stever was routinely and continuously late for shifts and unable to safely perform her duties as an Emergency Medicine Physician.

23. In October 2011, Dr. Stever was terminated from her position as an Emergency Medicine Physician at Providence Little Company of Mary-Torrance, CA, due to her inability to function and perform the demands of her occupation in the usual and customary manner, which was evidenced by habitual tardiness, poor concentration, fatigue and decreased function, which were directly related to her depression and Ambien dependence.

24. On November 1, 2011, Dr. Stever was examined and treated by Jennifer Baars, M.D., due to complaints of depression.

25. Dr. Baars diagnosed Dr. Stever with depressive disorder and increased Dr. Stever's prescription for Zoloft from 50mg to 100mg daily.

26. On December 15, 2011, Dr. Stever was again examined by Dr. Baars, due to complaints of anxiety and symptoms of attention deficit hyperactive disorder. Dr. Baars changed Dr. Stever's Ambien prescription to Ambien CR 12.5 mg and added Adderall XR 20 mg daily.

27. In February 2011, Dr. Stever was terminated from her position at the Urgent Care of South Bay when it was discovered by her employer that Dr. Stever was self-prescribing Ambien and unable to perform her duties in a safe and reliable manner.

28. In February 2012, Dr. Stever took a position working as an Emergency Medicine Physician at Kingman Regional Hospital.

29. Due to her depression and Ambien dependence, Dr. Stever was continuously late for shifts and unable to perform her duties as an Emergency Medicine Physician.

30. On February 28, 2012, Dr. Stever was asked to resign from her position as an Emergency Medicine Physician at Kingman Regional Hospital, due to habitual tardiness and evidence that she was self-prescribing Ambien, which was directly related to her depression and Ambien dependence.

31. In April 2012, Dr. Stever took a position as a Physician Advisor with Executive Health Resources.

32. In August 2012, Dr. Stever was terminated from her position with Executive Health Resources due to her inability to sustain the necessary work level, which was directly related to her depression and Ambien dependence.

33. On September 4, 2012, Dr. Stever was examined by Gail Levee, M.D. due to complaints of anxiety and difficulty sleeping.

34. Dr. Levee diagnosed Dr. Stever with anxiety and depression and prescribed Ativan, Ambien and Celexa.

35. On October 15, 2012, Dr. Stever was evaluated by Michael Sucher, M.D. who diagnosed Dr. Stever with Zolpidem dependence and situational depression.

36. Dr. Sucher opined that Dr. Stever was dependent on Ambien, that it was unsafe for her to practice medicine and that Dr. Stever required chemical dependency treatment.

37. On November 30, 2012, Dr. Stever was admitted to Promises Treatment Center in Santa Monica, CA, upon referral from the California Physicians Health Program for two months of inpatient treatment for Ambien dependence and depression.

38. Since her discharge from the Promises Treatment Center on January 31, 2013, Dr. Stever has been under the regular care of her physicians for Ambien dependence and depression.

39. Dr. Stever continues to attend AA meetings four times per week, Caduceus meetings two times per week, and participates in group therapy.

40. From March 1, 2012, through June 1, 2014, Dr. Stever's treatment providers have continuously certified that Dr. Stever is unable to return to work as an Emergency Medicine Physician, due to her inability to function and perform the demands of her occupation in the usual and customary manner.

### The Disability Claim – Claim for Benefits

41. On August 14, 2013, Dr. Stever initiated a claim for benefits based on her inability to work as an Emergency Medicine Physician as of March 1, 2012, due to depression and Ambien dependence.

42. As part of the initial claims packet, Dr. Stever provided the Hartford with the following documents:

    - Claimant's Application for Disability Income Benefits (Section I & II);
    - Employer or Business Information (Section III);
    - Authorization to Obtain and Disclose Information;
    - ER Physician Job Description;

- Medical Summary with physician contact information; and
- Dr. Stever's *curriculum vitae*.

43. On September 16, 2013, the Hartford was provided with Dr. Stever's admission and discharge reports from her inpatient treatment at Promises Treatment Center on November 30, 2012 through January 31, 2012.

44. By letter dated November 22, 2013, the Hartford denied Dr. Stever's claim for IDI benefits.

45. Prior to denying Dr. Stever's claim for IDI benefits, the Hartford never had Dr. Stever independently examined by a physician.

46. By letter dated December 23, 2014, Dr. Stever submitted additional information to the Hartford.

47. By letter dated February 13, 2015, the Hartford again denied Dr. Stever's claim for IDI benefits, indicating that Dr. Stever had not satisfied the 90 day Elimination Period prior to the cancellation of her Policy on May 1, 2012.

48. Dr. Stever had satisfied the 90 day Elimination Period as set forth in the Policy for the period from March 1, 2012 through May 30, 2012, as she was totally unable to perform one or more of the Essential Duties of her occupation as an Emergency Medicine Physician.

49. For the period from June 1, 2012 through June 1, 2014, Dr. Stever satisfied the definition of "Disabled" found in The Policy, as she has been unable to

perform one or more of the Essential Duties of her occupation as an Emergency Physician and as a result, suffered a loss of income in excess of 20% of her monthly pre-disability earnings.

50. Defendant failed to pay Dr. Stever IDI benefits for any period of disability.

## COUNT I – BREACH OF CONTRACT

51. Paragraphs 1 through 50 above are incorporated herein by reference as if fully set forth at length.

52. At all relevant times herein, Dr. Stever satisfied all conditions precedent and obligations under The Policy.

53. At all relevant times herein, Dr. Stever continued to make a claim for monthly IDI benefits under The Policy, and is still owed disability benefits for the period from March 1, 2012 until June 1, 2014 (less the 90 day Elimination Period).

54. At all relevant times herein, Dr. Stever provided the Defendant with sufficient Proof of Loss to administer the claim and accept liability under The Policy.

55. Notwithstanding its obligation to pay Dr. Stever's IDI benefits, Defendant has failed and refused, and continues to fail and refuse, in good faith to analyze and evaluate Dr. Stever's claim. It has unreasonably and wrongfully

failed to conduct a proper investigation and review of the claim prior to refusing payment of Dr. Stever's IDI benefits. Specifically:

a) Defendant failed to perform a reasonable review of the claim. Specifically, Defendant's claims review was biased and selective, ignored or distorted the opinions of Dr. Stever's treating doctors, and misstated medical evidence in a manner intended to benefit the Defendant financially.

b) Defendant improperly and unjustifiably denied Dr. Stever's claim for IDI benefits under The Policy without reasonable basis, as Defendant's review was based upon faulty, flawed, insufficient and defective information.

56. Said failures and conduct constitute a material breach of Defendant's obligations to Dr. Stever.

57. As a direct and proximate result of Defendant's conduct as alleged herein, Dr. Stever has suffered, and will continue to suffer, monetary and non-monetary damages, in an amount to be determined at trial, including but not limited to, non-payment of her IDI benefits, interest on those benefits, emotional distress, and attorneys' fees and costs.

58. As a further consequence of its breach of its contractual and legal obligations, Defendant has been unjustly enriched to the substantial detriment of its insured, Dr. Stever.

59. **WHEREFORE**, Plaintiff, Jennifer Stever, D.O. demands judgment in her favor and against Defendant, for compensatory damages in an amount in excess of Seventy-Five-Thousand ($75,000.00) Dollars, plus attorney's fees, expenses, costs and interest. Jury trial is demanded.

## COUNT II - BREACH OF FIDUCIARY DUTY

60. Paragraphs 1 through 59 above are incorporated herein by reference as if fully set forth at length.

61. Defendant owed a fiduciary duty to Dr. Stever.

62. Dr. Stever placed her trust and confidence in Defendant, who was in a dominant and/or superior position to her.

63. Defendant owed Dr. Stever a duty of loyalty and a duty to exercise reasonable skill and care in regard to its agreements with her.

64. Defendant breached those duties by denying Dr. Stever's benefits without the exercise of reasonable skill and care.

65. Defendant breached those duties by, in furtherance of its own economic motives, and to the severe detriment of Dr. Stever, denying Dr. Stever's claim for IDI benefits without conducting a reasonable claims evaluation.

66. As a result of Defendant's breach of its fiduciary duties to Dr. Stever, she has been injured.

67. **WHEREFORE**, Plaintiff, Jennifer Stever, D.O., demands judgment in her favor and against Defendant, for compensatory damages in an amount in excess of Seventy-Five-Thousand ($75,000.00) Dollars, plus attorney's fees, expenses, costs, interest and other damages allowable by law. Jury trial is demanded.

## COUNT III – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (BAD FAITH)

68. Paragraphs 1 through 67 above are incorporated herein by reference as if fully set forth at length.

69. At all times herein relevant, Defendant agreed to act in good faith and deal fairly with Dr. Stever when it issued The Policy and accepted premiums. Nevertheless, Defendant failed and refused to act in good faith and deal fairly with Dr. Stever, and breached said obligation, as set forth above and more particularly below.

70. In the absence of a reasonable basis for doing so, and with full knowledge and conscious disregard of the consequences, Defendant has failed and refused to pay Dr. Stever IDI benefits under The Policy and in accordance with the laws of California.

71. Defendant engaged, and continues to engage, in a course of conduct to further its own economic interests, and in violation of its obligation to Dr. Stever, including but not limited to:

   a) engaging in a biased review of Dr. Stever's claim for individual disability benefits by failing to conduct a thorough investigation of Dr. Stever's claim;

   b) misrepresenting the medical evidence to falsely find that Dr. Stever failed to satisfy the elimination period in The Policy, when Defendant knew that Dr. Stever had in fact satisfied the definition of Disability under The Policy during the entire Elimination Period and through to June 1, 2014;

   c) misrepresenting the occupational evidence presented by falsely finding that Dr. Stever failed to satisfy the Elimination Period by returning to work in April 2012, when the Defendant knew that Dr. Stever did not return to work in her "own occupation" but began working in a non-clinical occupation;

d) conducting a biased review of Dr. Stever's claim for IDI benefits by failing to have Dr. Stever physically examined prior to the denial of her claim, although The Policy specifically permitted the Defendant to have Dr. Stever physically examined;

e) failing to make payment to Dr. Stever at times when Defendant knew Dr. Stever was entitled to said benefits under The Policy;

f) withholding payments to Dr. Stever despite knowing that Dr. Stever's claim for benefits under The Policy was valid;

g) not attempting in good faith to effectuate a prompt, fair and equitable settlement of Dr. Stever's claim in which liability had become reasonably clear;

h) compelling Dr. Stever to institute litigation to recover amounts due under The Policy;

i) failing to provide a prompt, reasonable and accurate explanation of the basis relied upon and contained in The Policy, in relation to the facts and applicable law, for the denial of Dr. Stever's claim and the defense thereof;

j) failing to follow Defendant's own internal procedures for reviewing claims;

k) failing to maintain its records in compliance with California Law;

      l) misstating pertinent terms in The Policy.

72. Defendant continues to engage in the aforementioned acts, and said conduct constitutes a continuing tort and continuing bad faith to Dr. Stever, causing Dr. Stever continuing damage as described herein beyond the date of the filing of this action.

73. As a direct and proximate result of the aforementioned wrongful conduct of Defendant, Dr. Stever has suffered, and will continue to suffer in the future, loss and damages with respect to her rights under The Policy and California law.

74. As a further, direct and proximate result of the aforementioned conduct of Defendant, Dr. Stever has suffered mental and emotional distress and has thereby incurred further damages to be determined according to proof at trial.

75. As a further, direct and proximate result of the aforementioned conduct of Defendant, Dr. Stever has been obliged to expend or incur liability for costs of suit, attorney's fees, and related expenses in an amount not yet fully ascertained, but which will be sought according to proof at the time of trial.

76. As a further, direct and proximate result of the aforementioned conduct of Defendant, Dr. Stever has suffered special damages in an amount according

to proof at the time of trial from the lack of available IDI benefits due and owing to her.

77. The acts and omissions of Defendant as described herein were done willfully, oppressively, maliciously, with conscious disregard of the rights of Dr. Stever, and with the intent to annoy, harass, or injure Dr. Stever such that she is entitled to a recovery of exemplary damages under California Civil Code § 3294 in an amount appropriate to punish or set an example of Defendant.

78. Dr. Stever is substantially more vulnerable than other members of the public to the conduct of Defendant because of her poor health and disability within the meaning of California Civil Code § 1761.

79. Defendant knew, or should have known, that its unfair or deceptive practices were directed to Dr. Stever, a disabled person, and that she would, did, and continues to, suffer substantial emotional and economic hardship as a result thereof.

80. As a proximate result of said conduct, Dr. Stever has suffered, *inter alia*, one or more of the following: loss or encumbrance of a primary residence, principal source of income, substantial loss of property set aside for retirement, or for personal or family care and maintenance; substantial loss of payments received under a pension or retirement or a government benefits

program; and/or substantial loss of assets essential to her health or welfare. As such, she is entitled to treble punitive damages pursuant to and in accordance with California Civil Code § 3345.

81. **WHEREFORE**, Plaintiff, Jennifer Stever, D.O. demands judgment in her favor and against Defendant, for punitive damages in an amount in excess of Seventy-Five-Thousand ($75,000.00) Dollars, plus attorney's fees, expenses, costs and interest. Jury trial is demanded.

 

**LAW OFFICES OF MARK F. SELTZER & ASSOCIATES**

BY: _____
**ETHAN F. ABRAMOWITZ, ESQUIRE**
1515 Market Street, Suite 1100
Philadelphia, PA 19107
P: (215) 735-4222
F: (215) 735-4225
Email: eabramowitz@seltzerlegal.com
*Attorney for Plaintiff*
*Jennifer Stever, D.O.*

Dated: August 19, 2015